**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ISIAH V. WILLIAMS,**

       **Plaintiff,**　　　　　　**CIVIL ACTION NO. 05-CV-72072-DT**

  **vs.**　　　　　　　　　　　**DISTRICT JUDGE VICTORIA A. ROBERTS**

**COMMISSIONER OF**　　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**RECOMMENDATION:** This Court recommends that Defendant's Motion to Dismiss be GRANTED.

**HISTORY**

This is an action for judicial review of the decision of the Commissioner of Social Security to enforce a state court garnishment order for child support payments.

Plaintiff filed the instant complaint on May 26, 2005 alleging that the Social Security Administration had improperly withheld Social Security payments pursuant to a state court garnishment order. Defendant originally moved to dismiss Plaintiff's complaint on August 8, 2005, arguing that the Commissioner had not rendered a "final decision," that Plaintiff had failed to exhaust his administrative remedies and that Plaintiff could not demonstrate good cause for failing to exhaust his administrative remedies. At an October 12, 2005 hearing Plaintiff claimed that he had neither received notice from the Social Security Administration that his benefits would be withheld, nor a description of the administrative appeals process. The Court ordered Defendant to produce any records that showed Plaintiff had actually been sent notice of the Commissioner's action.

Defendant filed a supplemental brief on November 4, 2005 stating that it had no records indicating that it gave Defendant notice that his benefits would be withheld because of the garnishment order.

The Court assumes *arguendo* that Plaintiff's failure to exhaust would be excused if the Social Security Administration neither sent notice that it was withholding some of Plaintiff's wages because of a garnishment nor instructions on how to challenge the Administration's decision. However, Plaintiff's complaint should still be dismissed.

42 U.S.C. § 659 provides that the Social Security Administration shall not be held "liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if the payment is made in accordance with this section and the regulations issued to carry out this section." When a federal agency garnishes wages or social security benefits in response to a child support order that is regular on its face, the federal courts are without jurisdiction to hear a challenge to the sufficiency of the garnishment order. *See e.g., Edwards v. Goldberg,* 779 F.2d 50 (Table), 1985 WL 12793 (6th Cir. 1985) (Social Security Administration not liable for honoring writ of garnishment for child support, even if issuing court lacked personal jurisdiction over the obligator).

Defendant's Motion to Dismiss should be GRANTED.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n*

*of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 26, 2006                              s/ Mona K. Majzoub
                                                  MONA K. MAJZOUB
                                                  UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Isiah V. Williams and Counsel of Record on this date.

Dated: July 26, 2006                              s/ Lisa C. Bartlett
                                                  Courtroom Deputy